### John Schenck v. Michael K. Wilson.

W. was part owner and general agent of a steamboat, M. K. W., and, as such agent, received all the moneys earned by it, and paid all its current expenses—the former far exceeding the latter. In an action against W. by S., the captain and another part owner of the boat, upon whose order the expenses were incurred, W interposed a counter claim or set off for payments made by him on account of the current expenses of the boat, but did not produce his entire account, nor the books showing the transactions and earnings of the boat. *Held,* that his claim was properly rejected.

I. It was reasonable to infer, from the concealment of the books containing the entire account, that the payments had been made out of the receipts of the boat which came to the hands of the defendant as general agent of the owners.

II. The payments, having been made on account of the boat and owners, and not for the individual benefit of S., could be recovered only in an action against all the owners jointly, and upon the production of the whole of W.'s accounts as agent of the boat.

Appeal by defendant from a judgment entered on the report of a referee. The facts are fully stated in the opinion of the court.

*Beebe Dean & Donohue,* for the appellant.

*L. R. Marsh,* for the respondent.

By the Court, HILTON, J.—The plaintiff owned one-half, and the defendant one-eighth, of the steamer "M. K. Wilson." At the time she was burnt, their interest or share in her was insured for $3,750. Their claim for insurance was settled with the companies for $3,300, and of which it was at the time agreed that the defendant, who received the money, was to retain $750 for his one-eighth share, and the balance was to be accounted for to the plaintiff, after deducting the amount due defendant for advances made by him for the plaintiff at the time of putting in the boiler and otherwise preparing the boat for towing purposes. After she was burnt, the plaintiff sold to the defendant his interest in the hulk for $550 ; and it is to recover this sum, and the balance of the insurance money coming to the plaintiff, that this action is brought.

It appears that the boat was used for towing vessels, and the defendant acted as the general agent of her, receiving all the moneys earned, and paying all the current expenses ; which the testimony clearly shows the receipts far exceeded. The plaintiff was employed as captain, and as such it was his business to certify to the correctness of the bills rendered against the boat, and in some cases gave orders on the defendant for their payment ; of such, when paid, consisted the current expense account kept by the defendant, as agent, and which were deducted or paid by him from the receipts. Upon the trial, the defendant claimed to have several items properly belonging to this current expense account set off against the plaintiff's claim in this action, without producing the entire account, or his books showing the transactions of the boat and her earnings.

Under such circumstances, the referee was justified in disregarding all such items, as it is reasonable to infer, from the concealment of the books containing the entire account, that they had been paid out of the receipts of the boat which came to the hands of the defendant as general agent for the owners. As the item of $30, paid Valentine on account of the boat and owners, was not paid for the individual benefit of the plaintiff, but belonged to the class which the defendant, as agent, had been in the

habit of paying and charging as part of the current expenses, the referee very properly rejected it from his consideration, although its payment was not disputed. The same may be said of many other items proven, but disregarded by the referee as belonging to the same class, and only proper to be considered in an action against all the owners, and upon the production of the whole of the defendant's accounts as agent of the boat.

Upon a careful examination of the whole case, I am of opinion that it fully sustains the finding of the referee, at least so far as it concerns the defendant. If any error has been committed, it would seem to be in favor of the defendant, and not adverse to his interests. But, as the plaintiff does not complain, it must be presumed that this is one of those cases where the referee hearing the oral statements of the witnesses, and having all the parties in interest before him, was far better qualified to determine as to the credibility of the witnesses and the actual state of affairs between the parties litigating, than the court on appeal can possibly be from merely reading the testimony taken at the trial, unaided by the circumstances which attend an oral examination.

As no reason appears for interfering with the finding of the referee, the judgment must be affirmed.

Judgment affirmed.